## ABRAMS v. THE GAY INVESTMENT COMPANY

[No. 197, September Term, 1968.]

*Decided April 3, 1969.*

---

**1.** Essay on "Prudence", 1841, Complete Essays of Ralph Waldo Emerson, Mod. Lib. Ed. (1940) at 244.

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, SINGLEY and SMITH, JJ.

*Sheldon E. Friedman* for appellant.

*William F. Mosner* for appellee.

MARBURY, J., delivered the opinion of the Court.

The appellee, The Gay Investment Company (Gay), filed suit on a confessed judgment note in the amount of $4,200.00 against Isadore M. Abrams and the appellant, Natalie A. Abrams, and judgment was entered in Gay's favor on January 31, 1962. The appellant moved to vacate the judgment, and a hearing on this motion was held on December 10, 1963. At that hearing, the appellant admitted that she had signed the note in question but maintained that she thought she was signing an application for renewal of a driver's license. On December 23, 1963, the court struck the judgment against Mrs. Abrams allowing her to file a plea which she did. She also requested a jury trial.

After a long delay for reasons not apparent from the record, the case was set for trial on May 17, 1967. Appellant's then counsel obtained a postponement until May 25, 1967. On that date appellant and her counsel failed to appear or request a continuance from the court, and a default judgment was entered against her in the amount of $2,785.00 with interest from May 25, 1967. (The amount owing on the note had been reduced to

that amount from a source or sources not disclosed by the record.) Appellant then made a motion to set aside the judgment which was refused after a hearing held on January 19, 1968, before Judge John E. Raine, Jr. From that action Mrs. Abrams has appealed.

The law which governs this case was set out by Judge Hammond, now Chief Judge, speaking for the Court in *Clarke Baridon v. Union Co.,* 218 Md. 480, 483, 147 A. 2d 221, 222-23:

> "After the judgment properly was entered, the question of whether it should or should not be vacated in whole or in part was within the sound discretion of the trial court for the ensuing thirty days. The decisive point no longer was whether there existed a genuine dispute as to a material fact, but rather whether the court was satisfied that there had been shown a reasonable indication of a meritorious defense or other equitable circumstances that would justify striking the judgment . . . ."

On appeal, Mrs. Abrams suggests that the trial judge abused his discretion by refusing to grant the motion to set aside the default judgment. Further, the appellant argues that the facts relied upon by the judge were not sufficiently clear, definite and certain enough to sustain his findings of facts underlying his decision. We disagree with both of these contentions.

At the hearing held on January 19, 1968, to determine whether the judgment should be set aside, the appellant's attorney proffered that Mrs. Abrams would testify that on May 24, 1967, the day before trial was scheduled, she went to the Circuit Court for Baltimore County to seek a postponement because she had discharged her attorney. Further, she would state that the secretary of the trial judge and the assistant assignment commissioner both told her that the case would not be tried on May 25, 1967. Appellant's counsel also proffered evidence that would establish that Mrs. Abrams did not sign the note which was the subject of the suit. In defense, the appellee proffered testimony from the assistant assignment commissioner that he had told Mrs. Abrams that only a judge could authorize a postponement.

Neither of these reasons offered by the appellant persuades this Court that the trial judge abused his discretion.

Maryland Rule 527 a 1 provides in pertinent part as follows:

> "1. In Court's Discretion.
>
> The court may upon motion of any party, or of its own motion, continue an action from time to time in order that a trial may be had upon the merits or as the interests of justice may require. . . ."

The pertinent part of Rule 2.2 of the Circuit Court for Baltimore County reads:

> "Jury Cases—Assignment Procedures
>
> A. When a jury case is at issue the Assignment Commissioner may assign a trial date and shall give all counsel of record notice of such date at least thirty days prior thereto.
>
> B. Counsel shall immediately advise all clients and witnesses of such trial date, and shall complete all pretrial discovery prior thereto.
>
> C. No continuance shall be granted except by the Chambers and Assignment Judge, and then only upon a showing of good cause."

The appellant complied with neither of these rules.

Judge Raine was the assignment judge at the time in question and he stated "that I did not tell Mrs. Abrams that the case wasn't going to trial, and, under the rules, I was the only person at that time with the authority . . . ." Appellant's proffered excuse would not satisfy either the state or local rule since she did not offer to show that she made a motion for a continuance or presented good cause to the assignment judge.

Further, the trial judge could also conclude that Mrs. Abrams did not present a "reasonable indication of a meritorious defense". In her brief the appellant acknowledges that her primary defense was forgery. However, at the hearing held on December 10, 1963, to consider Mrs. Abrams' motion to strike the confessed judgment she admitted that she had signed the note in question but thought that she was signing a renewal application

for her driver's license. Under these circumstances, this Court cannot say that the trial judge's refusal to accept the forgery defense was unjustified.

For the above reasons the lower court's refusal to vacate the default judgment must be affirmed.

*Order affirmed. Costs to be paid by appellant.*