FERRUCCI *v.* JACK, ET AL.

[No. 40, September Term, 1969.]

*Decided November 10, 1969.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY and SMITH, JJ.

*Jerome A. Dashner,* with whom was *Thomas Paul Raimondi* on the brief, for appellant.

*Leon Shampain,* with whom were *Vaughn & Shampain* on the brief, for appellees.

SINGLEY, J., delivered the opinion of the Court.

Ferrucci would have us reverse a summary judgment for costs entered in favor of the defendants in a damage suit which he had instituted in the Circuit Court for Prince George's County.

On 25 January 1965, Ferrucci, a tenant at Snow Hill Apartments at Laurel, Maryland, slipped and fell on a path leading to the apartments. On 27 July 1967 he sued "Minsh Corporation, T/A Snow Hill Apartments"

(Minsh) for damages for the injuries he had sustained. On 17 August 1967 Minsh countered with a motion for security for costs under Maryland Rule 328 a 1 with which Ferrucci complied on 18 December. On 19 March 1968, Minsh filed a general issue plea.

On 1 July 1968, Minsh moved for a summary judgment or dismissal relying on the affidavit of Betty Straw Jack that she was a member of a limited partnership, Snow Hill Apartments, Section 3, which had owned the property at the time of the accident on 25 January 1965 and that *Mensh* Corporation had no connection with the apartments on that date. It would appear that Mensh Corporation became managing agent on 1 December 1965, some 10 months after the alleged accident. Although this motion was denied, Ferrucci was permitted to file an amended declaration on 3 October 1968 which substituted the limited partnership and its partners for "Minsh" as defendants. A week later, the defendants filed a general issue plea and specially pleaded limitations. With their plea was filed a motion for summary judgment, which was granted, obviously in reliance upon Maryland Code (1957, 1968 Repl. Vol.) Art. 57 § 1 which provides that "All actions * * * on the case * * * shall be commenced * * * within three years from the time the cause of action accrued; * * *" and *Talbott v. Gegenheimer*, 237 Md. 62, 205 A. 2d 285 (1964) which holds that when a new party is brought in by amendment after limitations have run, the defendant may properly plead the statute as a defense.

The appellant would have us reverse the summary judgment because "[t]he record is clear that Appellees and their Counsel by design, concealed the true identity of the defendants by allowing representation of Minsh Corporation when Appellees and Counsel knew that M*i*nsh was not the true defendant and a nonexistent corporation" until limitations had run. The record before the lower court and before us can hardly be said to support this contention. What it does show is that on 1 December 1965, almost a year after Ferrucci's fall, the Mensh

Corporation took over the management of Snow Hill Apartments for the owners, and was acting in this capacity when Ferrucci filed his suit in July, 1967. It also shows that Mensh's insurance carrier caused the suit to be defended. Of even greater significance is the fact that from the day the suit was instituted on 27 July 1967 until the defendant filed its general issue plea on 19 March 1968, by which time limitations had run, the only action taken by the defendant was to lay Ferrucci under a rule to give security for costs as provided by Maryland Rule 328 a 1. He took four months to post security despite the fact that Rule 328 a 3 allowed him 15 days.

It scarcely need be said that ownership of the apartments could have been established by Ferrucci prior to the filing of his suit by an examination of the land records. A failure to do so is evidence of lack of the ordinary diligence required of a person seeking to toll the running of the statute. See *Stieff Co. v. Ullrich,* 110 Md. 629, 635, 73 A. 874 (1909), where the Court held that laches had run against the plaintiff who had failed to check the land records to ascertain that certain property to which he looked for security was properly titled. This oversight was compounded by the fact that Ferrucci's first interrogatories [1] were filed on 4 April 1968, eight months after suit had been instituted and two months after limitations had run. A litigant who fails to avail himself of the provisions of our rules of procedure which allow liberal pre-trial discovery cannot be permitted to maintain that his opponent is under a duty to volunteer information which could have been gained from discovery, much less from an examination of public records.

While it is perfectly true, as Ferrucci contends, that fraud will toll the running of the statute of limitations, Code (1957, 1968 Repl. Vol.) Art. 57 § 14; *Piper v. Jenkins,* 207 Md. 308, 113 A. 2d 919 (1955); *Wear v. Skin-*

---

1. These were cast in a form which would not necessarily have elicited information with respect to the ownership of the apartments.

*ner,* 46 Md. 257 (1877), the rule of the cases is that the principle may be invoked only when the claimant has been kept in ignorance of the existence of his cause of action, despite the fact that he has exercised usual or ordinary diligence to discover and protect his rights. Ferrucci was neither ignorant of the existence of his cause of action nor diligent in asserting his rights.

Ferrucci also stresses that broad concepts of professional ethics were violated when counsel for a corporation, later determined to have no connection with the case, undertook to defend the claim. We do not find this argument persuasive, since it was Ferrucci who selected a defendant, albeit the wrong one, whose insurance carrier concluded, and we think rightly, that it was under a contractual duty to provide a defense.

Having decided that the summary judgment was properly entered, we need not reach the appellees' motion to dismiss because the appellant, without obtaining leave to do so, included arguments of counsel in the record extract. When he appeared before us, Ferrucci's counsel conceded that this could be taxed as part of his costs.

*Judgment affirmed; costs to be
paid by appellant.*