ELDRED A. CROMWELL *v.* MERLE L. RIPLEY,
Executrix of the Estate of Ralph P. Ripley

[No. 360, September Term, 1970.]

*Decided February 8, 1971.*

The cause was argued before MORTON, ORTH, and MOYLAN, JJ.

*William E. Gallagher* for appellant.

*William H. Clarke*, with whom was *Matthew J. Kastantin* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

An action brought against a dead man is a nullity. *Burket v. Aldridge, Adm'r.*, 241 Md. 423, 430; *Hunt v. Tague*, 205 Md. 369, 378-79. This case was a farrago of questions from the initiation of the suit in the Circuit Court for Montgomery County to the denial of the court to vacate a judgment in favor of the appellee for costs. The questions arose in large measure because appellant brought an action against a man who had been dead for almost ten months. The declaration filed on 3 May 1968 by Eldred A. Cromwell, appellant here and plaintiff below, alleged that the negligence of Ralph P. Ripley, the defendant therein designated, caused an accident on 18 August 1966 between a car driven by Cromwell and a car driven by Ripley. Cromwell sought $150,000 for personal injuries, damages, losses and expenses. However, Ripley had died on 29 June 1967 [1] and the writ of

---

1. There is in the record before us a certification by the Register of Wills for Montgomery County that "a Petition for Letters Testamentary was filed July 11, 1967 in the Estate of Ralph P. Ripley, who died on June 29, 1967, leaving a will dated July 24, 1957. Letters Testamentary were granted July 11, 1967 and that the first and final account was filed on February 17, 1969 and passed on March 27, 1969. No publication against Creditors was required under the then existing Article 93, since no real estate was involved. No claims were ever filed in the Register of Wills Office." The certification does not state to whom the Letters were granted but it is not disputed that they were granted to Merle L. Ripley.

summons of him was returned "Mortuus Est" on 7 May 1968. Although appellant thus had knowledge of Ripley's death, appellant's next action, according to the record, was not until 3 July 1969 when he filed a motion for leave to amend the declaration by substituting Merle L. Ripley, Executrix of the Estate of Ralph P. Ripley, deceased, as the defendant in the place of Ralph P. Ripley.[2] An order of court dated 29 August granted the leave to amend [3] and the amended declaration naming Merle L. Ripley, Executrix of the Estate of Ralph P. Ripley (appellee) as the defendant was filed on 4 September. Appellee was summoned to the November return day, the writ issued to the October return day having been returned *non est*. On 7 November appellee filed a "Demurrer and/or Motion Raising Preliminary Objection", see Rules 345 and 323, one of the grounds for which was that the Statute of Limitations had run. This document was treated by the lower court, so far as can be ascertained from the record, only as a motion raising preliminary objection, and it was denied on 18 December because limitations was not one of the defenses authorized for such a motion by Maryland Rule 323. Appellee does not challenge this action of the lower court. On 31 December she filed an answer to the amended declaration, making a general issue plea and special pleas "that the Plaintiff's action is barred by the Statute of Limitations" and "that this suit was not filed within six (6) months after the representative of the Estate was appointed." Appellant does not challenge the form or timeliness of the plea. See Rules 342 c 2 (a), 309 (a) and 323 c. Nor did he question it below. Rule 322. And see *Foos v. Steinberg*, 247 Md. 35, 38; *Waldman v. Rohrbaugh*, 241 Md. 137, 139; *Hoover v. Williamson*, 236 Md. 250, 255-256. On 23 January 1970 appellee moved for summary judgment "inasmuch as it would appear that Statute of

---

2. Appellant's counsel on appeal told the lower court that he did not come into the case until the middle of June 1969.

3. "An amendment shall not be made without leave of court * * *." Rule 320 d 1 b.

Limitations is a bar to this action." On 6 February appellant answered the motion, asserting that "the Statute of Limitations had not run since the accrual of the cause of action and that this action is not, therefore, barred by statute." Upon hearing on 27 February the motion was granted and judgment absolute was entered in favor of appellee for costs. Rule 610. See *Smith v. Barnhart,* 225 Md. 391. On 26 March appellant moved for "rehearing and/or to vacate summary judgment." Rule 625 a. On 30 March he noted an appeal from the judgment.[4] When the motion came on for hearing he dismissed the appeal. *Stacy v. Burke,* 259 Md. 390, 400-403; *Tiller v. Elfenbein,* 205 Md. 14, 19-21. And see *Visnich v. Washington Suburban Sanitary Comm.,* 226 Md. 589. Upon hearing the motion was denied. Appellant appealed "from the denial of the Motion to Vacate Summary Judgment."

Since appellant dismissed the appeal from the judgment the question whether the judgment was properly entered is not before us. The appeal here is from the refusal to vacate the summary judgment and the law governing the case was set out in *Clarke Baridon v. Union Co.,* 218 Md. 480 at 483, and quoted with approval in *Ryan v. Johnson,* 220 Md. 70, 73-74, *Hamilton v. Hamilton,* 242 Md. 240, 242-243, and *Abrams v. Gay Investment Co.,* 253 Md. 121, 123:

> "After the judgment properly was entered, the question of whether it should or should not be vacated in whole or in part was within the sound discretion of the trial court for the ensuing thirty days. The decisive point no longer was whether there existed a genuine dispute as to a material fact, but rather whether the court was satisfied that there had been shown a reasonable indication of a meritorious defense or other equitable circumstances that would jus-

---

4. Rule 8. The last day of the 30 day period for appeal was a Sunday.

tify striking the judgment—that is, whether the court entertained a reasonable doubt that justice had not been done." [5]

Appellant was faced with two deadlines in the commencement of his action. Code, Art. 57, § 1 prescribes that all actions on the case, except for libel and slander, shall be commenced within 3 years from the time the cause of action accrued. See *Mumford v. Staton*, 254 Md. 697. Code, Art. 93, § 112 as applicable to the case here provided in relevant part that executors and administrators shall be liable to be sued in any court of law or equity, in any action (except slander) which may have been maintained against the deceased, provided that such action must be commenced within six calendar months after the date of qualification of the executor or administrator of the testator or intestate; "except that such action against the estate of a testator or intestate may be instituted after the expiration of six months but within the statute of limitation in the event the deceased was covered by an existing insurance policy at the time of the occurrence, the existence of such insurance coverage not being admissible at the trial of the case and the recovery in the event of a judgment against the estate to be limited to the extent of such existing insurance." [6] Since Ralph P. Ripley had died

---

5. Rule 625 a provides:
"For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity."
6. This was the law as enacted by ch. 642, Acts 1966, effective 1 June 1966. It was repealed by § 1, ch. 3, Acts 1969, effective 1 January 1970. Prior to 1 June 1966 there was no exception in the event of insurance coverage and the six month limitation applied only to an action for injuries to the person. Effective 1 January 1970 the law is:
"Except as otherwise expressly provided by statute with respect to claims of the United States and the State of Maryland, all claims against a decedent's estate, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or

before suit was filed against him, the action had to be commenced *both* within 3 years from 18 August 1966, the time the cause of action accrued *and* within 6 calendar months after 11 July 1967, the date of qualification of the deceased's Executrix, unless, as to the latter limiting period, there was an insurance policy existing on 18 August 1966 which covered the deceased with respect to his alleged negligent act in which event only the 3 year period applied. *Burket v. Aldridge, Adm'r., supra,* at 430. See *Dixon v. Checchia,* 249 Md. 20.

With regard to the three year period of limitations the reason for the delay between the presentation of the motion to amend the declaration and the filing of the amended declaration is significant, for in the interim, three years had elapsed from the time the cause of action accrued. An affidavit by appellant's counsel, made in support of the answer to the motion for a summary judgment set out that "on or about July 5, 1969, he filed with the Circuit Court for Montgomery County, Maryland, on behalf of the Plaintiff, his Motion for Leave to File Amended Declaration together with his Amended Declaration and that subsequent thereto, he discovered on August 29, 1969, upon searching the file of this case at the office of the Clerk, that the said Motion for Leave to File Amended Declaration was pinned to the back of said file together with the said Amended Declaration; that he promptly effected the official marking of the said Motion as filed and left the said Court file with the Clerk, as instructed, for transmittal to the Court for its consideration; that he received notice on September 3, 1969, that [the] court had entered its Order allowing the filing of the previously submitted Amended Declaration."

---

other legal basis, shall be forever barred against the estate, the personal representative, and the heirs and legatees, unless presented within six months after the date of the first published notice to creditors, or if notice to creditors has not been published, within the expiration of the period of limitations otherwise applicable." Code, Art. 93, § 8-103 (a).
See Art. 93, § 12-102 (a).

At the hearing on the motion for summary judgment the court discussed the affidavit. It said: "The mere filing in the Clerk's office or depositing in the Clerk's office, as the case may be, of a motion for leave to amend coupled with the proposed amended declaration does not seem to the Court to constitute a filing of suit for the purposes of the Statute of Limitations." Appellant offered no evidence on the issue but his counsel told the court that in July when he left the motion to amend in the Clerk's office "it was represented to me by one of the employees in the Clerk's office it would be sent to the duty Judge for his circumspection. Why it was not acted upon at that time I am afraid, Your Honor, I have no recollection or evidence whatsoever to state to the Court this morning as to exactly what the reason for non-action at that time was. I received no communication from the Court that the motion itself was irregular, that the amended declaration was irregular, or a card indicating that for some reason the motion was not acted upon." When he found the motion and amended declaration in the file on 29 August he had the motion stamped as filed 3 July and then saw that it was directed to the proper duty judge for consideration. The court said: "It occurs to me that it was counsel's responsibility, * * * to keep himself abreast of the litigation of which he is counsel of record, and it was your responsibility to see, as I view it, that the motion for leave to file the amended declaration, purportedly filed on July 3, 1969, got to the attention of the Judge of the Court and was acted upon before the Statute ran on August 18." Counsel admitted: "Under the circumstances, I realize that possibly there was a continuing duty, technically, to constantly peruse the file to apprise myself of the progress of the Court's actions on any pleadings that have been filed. Had I not been told by the Clerk's office that it immediately would be put in front of a Judge for action, I would have kept myself apprised." The Court said that "* * * no clerk of this Court, * * * is authorized to act on behalf of this

Court or to commit this Court to any action. * * * In the Court's view, the motion should be granted because of the failure to file suit against the personal representative within three years from the time the accident or injury or within six months after the appointment [of the Executrix]. It is a double-barreled proposition. I must hold in the movant's favor on both points."

We agree that limitations were not tolled by the deposit of a motion for leave to amend the declaration in the Clerk's office. Unlike *Piersma v. Seitz*, 10 Md. App. 439 there was no rule covering this situation whereby the Clerk was directed to take action "as a matter of course." It was the obligation of appellant, in order to toll the Statute of Limitations, to commence an action within the three year period. The action originally commenced was a nullity because the sole defendant had predeceased the filing of the narr. The declaration substituting a defendant was filed too late. See *Ferrucci v. Jack*, 255 Md. 523. We note that as the original action was a nullity, appellant did not have to obtain permission to amend the declaration. He could have simply commenced a new action by filing a declaration against the proper defendant as far as the three year limitation was concerned. Had he done this on July 3rd or 5th whichever was the date he left the motion to amend in the Clerk's office, the three year period would have been tolled. But he did not do so, and, the procedure he followed resulted in a late filing of the declaration. In the circumstances the action was barred.

Even if appellant had satisfied the 3 year period, there was still the 6 month period. At the hearing on the motion for summary judgment appellant's counsel observed: "We are faced with a statute of limitations which is the six-month period of limitations within which the administrator must be sued." But he actually never pursued that issue. Later he told the court that appellee "of course is relying on the six-month period of limitations within which the administration must be sued and I feel, Your

Honor, that we, notwithstanding the question between the two statutes of limitations, my argument this morning was based on the fact that the three year statute would apply." The court pointed out that appellee was relying on both statutes. It is patent that no action was commenced within six months of the qualification of Ripley's personal representative. If Ripley was covered by an existing insurance policy at the time of the accident so as to take the case out of the 6 month limitation, it is not reflected in the record before us. If there was such a policy and appellant knew it he did not bring it to the attention of the court. If he did not know whether or not there was such a policy he had means to find out. For example, he could have, because of the provision of the statute, deposed the appellee, Rule 401 a, and examined her on the existence of such a policy, Rule 410 a (2), regardless of the fact that the existence of the policy would not be admissible at trial, Rule 410 b, or served written interrogatories upon her, Rule 417 a 1, or requested an admission of the fact, Rule 421 a, or requested an order for discovery of the policy, Rule 419 a. He did none of these things. Nor did he suggest the existence of a policy below either at the hearing on the motion for a summary judgment or at the hearing on the motion to vacate the judgment. And he does not even refer to Art. 93, § 112 in the argument in his brief on appeal. We do not decide whether the general rule should be that it is the obligation of the party pleading the six months limitation statute to show that the action is without the insurance exception or whether it is the obligation of the party against whom the bar is sought to show that there was an insurance policy in existence. Here that the action was barred by the provisions of Art. 93, § 112 was not challenged below or on appeal. But we note: "A litigant who fails to avail himself of the provisions of our rules of procedure which allow liberal pretrial discovery cannot be permitted to maintain that his opponent is under a duty to volunteer information which

could have been gained from discovery * * *." *Ferrucci v. Jack, supra,* at 525. On the record before us the action was barred by the failure to commence it within 6 months of the appointment of the personal representative of Ralph P. Ripley.

In the light of the above discussion we have no difficulty in determining that the lower court could properly find that no colorable meritorious defense to the bar of limitations was interposed by appellant. We think it was demonstrated that appellant did not exercise "the ordinary diligence required of a person seeking to toll the running of the statute" of limitations. *Id.* at 525. We find it clear from the court's comments in ruling on the motion to vacate the summary judgment that it was satisfied that there had not been shown a reasonable indication of a meritorious defense or other equitable circumstances that would justify striking the judgment. Therefore the lower court did not abuse its discretion in refusing to vacate the judgment in favor of appellee for costs and we so hold.

*Order affirmed, with costs.*