524 A.2d 1250

**Willie James HARRIS**

v.

**Helena Lacontess CARTER.**

**No. 1316, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

May 7, 1987.

Certiorari Granted Sept. 11, 1987.

Charles Mentzer, Baltimore, for appellant.

Richard L. Flax (Douglas M. Scheller and Donahue, Ehrmantraut & Montedonico, Chartered, on the brief), Baltimore, for appellee.

Argued before BISHOP, ROBERT M. BELL, and POLLITT, JJ.

ROBERT M. BELL, Judge.

The dispositive issue on this appeal from the judgment of the Circuit Court for Baltimore City is the propriety of that court's action in striking an order of default entered against Helena Lacontess Carter, appellee, upon the motion of Willie James Harris, appellant, as the result of appellee's failure to plead timely. We hold that the trial judge erred in striking the order of default. Consequently, we will reverse and remand the case to the Circuit Court for proceedings consistent with this opinion.[1]

The facts underlining the appeal may be briefly summarized. Appellant, who was operating a motorcycle, and appellee, who was operating her automobile, were involved in an accident at an intersection in Baltimore City on May 17, 1984. Alleging that appellee's negligence was the cause of the accident, appellant filed suit against appellee in the Circuit Court for Baltimore City, seeking damages for the injuries he allegedly sustained. When appellee failed to answer timely the complaint, appellant, "pursuant to Maryland Rule 2–613", filed, on October 2, 1984, a Motion To

---

1. In addition to this threshold issue, appellee has raised four additional issues, none of which we need reach on this appeal.

Enter Default. An order of default was entered that same day.

Notice of entry of order of default having been sent on October 4, 1984, appellee moved to set aside the order of default. As grounds, she proffered that "as the result of excusable negligence on the part of Nationwide Insurance Company, the suit papers were not properly forwarded to defense counsel for filing of an Answer to the Complaint, and as a result a Default Judgment was sought and entered by this Court on October 2, 1984"; she "has a good and meritorious defense to the cause of action"; and "no prejudice would be occasioned to [appellant] by the striking of the judgment of default...." Appellee relied upon Maryland Rule 2–535 as authority for the trial court's exercise of its "broad power of revision of a Default Judgment within the thirty (30) day period following the entry thereof."

Appellant's response to appellee's motion denied both that appellee's failure to file an answer was "excusable negligence" and that appellee had a meritorious defense to his cause of action. Furthermore, appellant suggested that he would be prejudiced by the striking of the order of default "in that [appellant] would then have to prove each and every element of his case entailing substantial costs for witness expense, additional work on behalf of counsel, additional witnesses, untold time to be expended by the Court to listen to such evidence and *substantial* additional discovery on the part of the Plaintiff and Plaintiff's counsel." (emphasis in the original). Like appellee, appellant perceived Maryland Rule 2–535 as governing the court's decision on the motion. Thus, appellant asserted that appellee had shown neither equitable circumstances nor a meritorious defense in the pleadings to justify the relief sought.

Without holding a hearing, although one had been requested by appellant, and after review and consideration of appellee's motion and appellant's answer, the court vacated the order of default. It reasoned:

> The Court finds for the reasons set forth in the Motion to Set Aside Default Judgment, that there exists a substan-

tial basis for controversy as to the merits of this action and that it equitable [sic] to excuse Defendant's untimely Answer. Therefore, this Court has a sufficient basis to vacate the Order of Default under Md. Rule 2–613.[2]

The matter proceeded to trial before a jury, which returned a verdict in favor of appellee.

■ Maryland Rule 2–613, Default Judgment, controls the resolution of the issue on this appeal.[3] In pertinent part, the Rule provides:

(a) *Order of Default.*—If the time for pleading has expired and a defendant has failed to plead as provided by these rules, the court, on written request of the plaintiff, shall enter an order of default. The request shall state the last known address of the defendant.

(b) *Notice.*—Promptly upon entry of an order of default, the clerk shall issue a notice informing the defendant that the order of default has been entered and that the defendant may move to vacate the order within 30 days after its entry. The notice shall be mailed to the defendant at the address stated in the request and to the defendant's attorney of record, if any. The court may provide for additional notice to the defendant.

---

**2.** On the same day that she filed her Motion To Set Aside Default Judgment, appellee also filed an answer to appellant's "Declaration". The answer denied the allegations of the Declaration, averred that appellee did not commit the wrongs alleged, and asserted that appellant was contributorily negligent.

**3.** Despite appellant having moved for default pursuant to Maryland Rule 2–613 and despite the very clear reference to that Rule in the court's ruling on appellee's motion, both appellant and appellee approached this appeal as if Maryland Rule 2–535 were controlling. Both argued in brief and at oral argument that it was this rule by which this Court had to judge the lower court's exercise of discretion. Both are mistaken. Maryland Rule 2–535, by its express terms, applies "after entry of judgment". In this case, default judgment was never entered, rather, an order of default was entered. *See* 2–613(a). Judgment could have been entered only if a motion to vacate the order of default was not filed or, if filed, was denied by the court. *See* 2–613(e). Had default judgment been entered pursuant to Rule 2–613, "the revisory power under Rule 2–535(a) except as to the relief granted" would not have applied. *See* Rule 2–613(f).

(c) *Motion by Defendant.*—The defendant may move to vacate the order of default within 30 days after its entry. The motion shall state the reasons for the failure to plead and the legal and factual basis for the defense to the claim.

(d) *Disposition of Motion.*—If the court finds that there is a substantial and sufficient basis for an actual controversy as to the merits of the action and that it is equitable to excuse the failure to plead the court shall vacate the order.[4]

This Rule took effect July 1, 1984.[5] *See* Order of the Court of Appeals adopting Rules of Practice and Procedures, April 6, 1984.

Pursuant to this rule, an order of default shall be entered against the party who has failed to plead "as provided by these rules" if the moving party has requested such an order in writing and "notice informing the defendant that the order of default has been entered and that the defendant may move to vacate the order within 30 days after its entry" has been issued by the clerk to the party and to his counsel of record. Maryland Rule 2–613(a) and (b). *See Miller v. Miller,* 70 Md.App. 1, 9, 519 A.2d 1298 (1987). A motion to vacate an order of default must be filed within 30

---

**4.** The provisions of Rule 2–613(a) to (d) are new. The revisory power of the court over any unenrolled judgment, prior to July 1, 1984, was encompassed in Md. Rule 625. *See Haskell v. Carey,* 294 Md. 550, 555, n. 6, 451 A.2d 658 (1982). That rule, which provided that "for a period of thirty days after the entry of a judgment, or thereafter pursuant to a motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power over such judgment, only in case of fraud, mistake or irregularity", has been construed by the appellate courts as permitting a trial court to vacate a judgment within thirty days upon a showing of a reasonable indication of a meritorious defense or other equitable circumstances that would justify striking the judgment. *See Abrams v. Gay Investment Company,* 253 Md. 121, 123, 251 A.2d 876 (1969); *Clarke Baridon, Inc. v. Union Asbestos & Rubber Company,* 218 Md. 480, 483, 147 A.2d 221 (1958); *Kaplan v. Bach,* 36 Md.App. 152, 158, 373 A.2d 71 (1977); *Cromwell v. Ripley,* 11 Md.App. 173, 176–77, 273 A.2d 218 (1971).

**5.** Appellant's suit was filed on July 16, 1984.

days of the entry of the order of default and must state both the reasons for the failure to plead *and* the legal and factual basis for the defense to the claim. Rule 2–613(c). The rule then requires that the order of default may be vacated only "[i]f the court finds that there is a substantial and sufficient basis for an actual controversy as to the merits of the action and that it is equitable to excuse the failure to plead." Rule 2–613(d).

We are satisfied that, despite the fact that the revisory power of the court pursuant to Maryland Rule 2–535 does not apply in the case of orders of default or even default judgments, the decision to vacate an order of default is nevertheless addressed to the sound discretion of the trial court and will not be disturbed in the absence of an abuse of discretion. On the other hand, we are satisfied that the inclusion of subsections (c) and (d) in the Rule requires that the court's exercise of discretion specifically take into account the reasons for the failure to plead as well as the legal and factual bases for the defense to the claim; in other words, the findings required by subsection (d) to be made by the court preliminary to vacating the order of default, *i.e.* that there is a "substantial and sufficient basis or controversy as to the merits as well as an equitable excuse for the failure to plead, "necessarily relate to and are dependent upon the reasons offered by the movant, pursuant to subsection (c), as justifying the action sought. Therefore, should the motion fail to disclose either the reason for the failure to plead or the legal and factual basis of the defense to the claim, then a ruling granting the motion to vacate is an abuse of discretion.

With this in mind, we need not concern ourselves with the reason given by appellee for failing to plead. Reversal is required because appellee's motion to vacate the order of default contained neither a legal nor a factual basis for a defense of the claim.

The only allegation in appellee's motion which addressed the merits of the controversy simply and baldly asserted:

"That this defendant has a good and meritorious defense to the cause of action." The motion does not state what that good and meritorious defense is and it fails to disclose any legal or factual basis from which the court could determine that the defense was substantial and sufficient. Moreover, appellee's answer to appellant's declaration did not cure the defect. The answer did conclusorily allege that appellant was contributorily negligent; it did not, however, provide a factual basis for a defense to the claim. Assuming that the allegation that appellant was contributorily negligent constituted the assertion of a legal basis for a defense, the rule requires that a factual basis be asserted as well. Thus, there was nothing in the motion or in the answer filed by appellee from which the court could have determined that there was a substantial and sufficient basis for an actual controversy as to the merits of the action.

Accordingly, appellee's motion to set aside default judgment should have been denied. On remand, proceedings must be held to determine the amount of any damages to which appellant may be entitled.[6]

JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEE.

---

6. Appellant's violation of Md. Rule 1030 by filing his brief late did not prejudice appellee in the preparation and filing of her brief. Therefore, we exercise our discretion to deny appellee's motion to dismiss the appeal. *See* Md. Rule 1030 e.; *Operations Research, Inc. v. Davidson & Talbird, Inc.,* 241 Md. 550, 575, 217 A.2d 375 (1966).