539 A.2d 1127

**Helena Lacontess CARTER**

v.

**William James HARRIS.**

**No. 96, Sept. Term, 1987.**

Court of Appeals of Maryland.

April 12, 1988.

372

Richard L. Flax (Charles N. Ketterman and Donahue, Ehrmantraut & Montedonico, Chartered, on brief), Baltimore, for appellant.

Charles Mentzer, Baltimore, for appellee.

Argued before, MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

MURPHY, Chief Judge.

Maryland Rule 2–613 sets forth provisions relating to the entry of an order of default, to possible vacation of that order, and to entry of a default judgment if there is no vacation. In this case we focus on the provisions concerning possible vacation of the default order. We must decide whether, under the facts presented, there was adequate compliance with these provisions. If there was not, we must determine the consequences of noncompliance in the circumstances of this case.

Rule 2–613(a) permits, upon written request of the plaintiff, the entry of a default order against a defendant when the time for pleading has expired and the defendant has failed to plead as provided by the rules. Promptly upon entry of the default order, notice must be issued informing the defendant that the default order has been entered and that the defendant may move to vacate the order within thirty days. Rule 2–613(b). Rule 2–613 then provides in (c) and (d):

"(c) ... The defendant may move to vacate the order of default within 30 days after its entry. The motion shall state the reasons for the failure to plead and the legal and factual basis for the defense to the claim.

(d) ... If the court finds that there is a substantial and sufficient basis for an actual controversy as to the merits

of the action and that it is equitable to excuse the failure to plead, the court shall vacate the order."

If there is no vacation of the default order, the court "may enter a judgment by default" providing it is satisfied that it has personal jurisdiction and that the requisite notice has been mailed. Rule 2–613(e). This default judgment, except as to the relief granted, is not subject to the court's revisory power under Rule 2–535(a).[1] Rule 2–613(f).

## I

In May 1984 appellee Harris was operating his motorcycle on Saratoga Street in Baltimore City when he collided with an automobile operated by appellant Carter. Alleging that Carter's negligence was the cause of his resulting injuries, Harris sued Carter in the Circuit Court for Baltimore City on July 16, 1984. When Carter failed to answer, Harris, on October 2, 1984, filed a motion to enter default. Judge Joseph Kaplan, sitting as motions judge, entered an order of default that same day. Notice of the default order was issued October 4; on that day Carter filed an answer to Harris' complaint. As a first defense, she denied the allegations in the complaint and, as a second defense, claimed that Harris "contributed to his own harm in this case." On October 19, Carter moved to vacate the order of default.[2] As grounds for the motion, she stated that upon receipt of Harris' complaint she forwarded it to her insurance company, which, "as a result of excusable negligence," failed to forward the complaint to Carter's defense counsel; that she had "a good and meritorious defense to the cause of action"; and that no prejudice would be occasioned to Harris

---

**1.** Rule 2–535(a) deals with the broad revisory power over judgments that a circuit court has when the motion to revise is filed within thirty days after entry of judgment.

**2.** Carter called her motion to vacate the order of default a "Motion to Set Aside a Default Judgment," thus ignoring the critical distinction clearly set out by Rule 2–613 between an order of default and a default judgment. Moreover, both parties in their arguments concerning the default order wrongly relied on Rule 2–535(a).

by vacating the default order. Carter's motion contained no further elucidation of the legal and factual basis for her defense.

On October 22, Harris filed an answer in opposition to Carter's motion to vacate the default order. He denied that the insurance company's negligence was excusable and also denied "that the Defendant has a good and meritorious defense to the cause of action but rather asserts that the facts surrounding the accident would indicate that the Defendant was 'grossly' negligent...." Harris further alleged that he would be prejudiced by vacation of the default order because he "would then have to prove each and every element of his case...." Agreeing, mistakenly, that the court had revisory power over the default order under Maryland Rule 2–535 (*see supra*, nn. 1 and 2), Harris contended the court should not exercise this power because the "Defendant has failed to show any equitable circumstances or a meritorious defense in the pleading...." Harris requested a hearing on his motion in opposition.

On December 27, 1984, Judge Kaplan, without a hearing, granted Carter's motion to vacate the default order, stating that he found

> "for the reasons set forth in the Motion to Set Aside Default judgment, that there exists a substantial basis for controversy as to the merits of this action and it [is] equitable to excuse defendant's untimely Answer. Therefore, this Court has a sufficient basis to vacate the Order of Default under Md. Rule 2–613."

The matter then went to trial and a jury returned a verdict for Carter.

On appeal the Court of Special Appeals held that Judge Kaplan erred in vacating the default order. *Harris v. Carter*, 71 Md.App. 257, 524 A.2d 1250 (1987). The court reasoned that Carter's motion to vacate contained neither the legal nor the factual basis for her defense, in contravention of Rule 2–613(c); that Carter's answer to Harris' complaint did not cure this defect; and that Judge Kaplan

therefore abused his discretion in vacating the default order. We granted certiorari to consider the significant issue presented in the case.

## II

■ Rule 2–613 was included within the four titles of revised rules proposed by the Court's Standing Committee on Rules of Practice and Procedure, which we adopted on April 6, 1984, effective July 1, 1984. Rule 2–613 carried over some functions served by former rules, but for the most part was entirely new. *See* P. Niemeyer and L. Richards, *Maryland Rules Commentary* 360 (1984). The first draft of the rule contained the requirement that a motion to vacate must set forth the facts relied upon by a defendant for its defense on the merits. *See* October 17, 1981 Minutes of the Rules Committee, Rule 2–613. This requirement was later recast to require disclosure of both the legal and the factual basis for the defense, as now set forth in Rule 2–613(c). *See id.*, Minutes for November 21, 1981. The debates reported in the Rules Committee minutes do not touch upon the purposes for this requirement, but it is clear that the requirement is closely connected to the provision in Rule 2–613(d) mandating that the court find "a substantial and sufficient basis for an actual controversy as to the merits of the action" in order to vacate a default order. Since the court must make this Rule 2–613(d) finding, motions that fail to state the legal and factual basis for a defense on the merits, or that state no more than conclusory allegations concerning a defense, are inadequate, because they afford the court no real information upon which to make its finding. *See* P. Niemeyer and L. Richards, *supra*, at 361.

■ Carter's motion to vacate stated no more than that she had "a good and meritorious defense to the cause of action." This, of course, is a mere conclusory allegation. It affords the court no information upon which to make the determination required by Rule 2–613(d). Nor could this defect have been cured by the court's consideration of

Carter's answer to Harris' complaint, which was filed before the motion to vacate. As the Court of Special Appeals rightly pointed out, though the allegation in the answer that "the Plaintiff contributed to his own harm in this case" may suggest the defense of contributory negligence, 71 Md.App. at 264, 524 A.2d 1250, not a word is put forward as to the factual basis for this defense. Rule 2–613(c) states that the motion to vacate *shall* state the *legal and factual* basis for the defense. We have said time and again that unless the context indicates otherwise the word "shall" is presumed to have a mandatory meaning inconsistent with the exercise of discretion. *Johnson v. State*, 282 Md. 314, 321, 384 A.2d 709 (1978); *Bright v. Unsat. C. & J. Fund Bd.*, 275 Md. 165, 169, 338 A.2d 248 (1975); *accord In Re Dewayne H.*, 290 Md. 401, 404, 430 A.2d 76 (1981). Nothing in the context of Rule 2–613 suggests that "shall" is to be given anything other than this mandatory meaning, and we therefore conclude that Carter's motion to vacate was not in compliance with the rule.

Given such noncompliance, denial of the motion to vacate the default order was clearly authorized. We note, however, that in opposing Carter's motion to vacate, Harris did not challenge the motion's compliance with the requirements of Rule 2–613. The gist of Harris' attack, rather, was that Carter's neglect in failing to plead was not excusable and that Carter's defense on the merits was not meritorious because Carter had been grossly negligent. Harris did allege that Carter had failed to show a meritorious defense "in the pleading," but this was in the context of a mistaken invocation of Rule 2–535. As little need be shown to indicate a genuine dispute in a negligence action, Judge Kaplan in assessing Carter's motion, and Harris' opposition thereto, could easily have concluded that a genuine controversy existed between the parties. Had Harris' answer challenged the sufficiency of the motion, the court's attention would have been focused on what Harris now claims is the motion's fatal defect. Had this been done, the court would have had an opportunity to exercise its discretion to

permit an amendment to the motion and this, we think, takes the case out of the usual course. On the peculiar facts before us, we are of the view that, though there was noncompliance with Rule 2–613, and for that reason the motion to vacate could properly have been denied, nevertheless Judge Kaplan was not, in the circumstances, compelled to follow that course. We thus conclude that the Court of Special Appeals erred in reversing Judge Kaplan's judgment in this case.

In his appeal to the Court of Special Appeals, Harris raised four issues in addition to the present question. The intermediate appellate court, in view of its disposition of the case, did not address the other four issues. Therefore, we remand the case to that court for consideration of these additional unanswered questions.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION; COSTS TO BE PAID BY APPELLEE.