JEANETTE BECK *v.* HARRY BECK

[No. 72, October Term, 1941.]

*Decided February 4, 1942.*

The cause was argued before SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Louis S. Ashman,* for the appellant.

*Samuel J. Fisher,* with whom was *Morton P. Fisher* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

Jeanette Beck filed a bill for divorce *a vinculo matrimonii* against her husband Harry Beck, on that part of Section 40, Article 16 of the Code of 1939, which provides that a divorce may be decreed "when the husband and wife shall have voluntarily lived separate and apart, without any cohabitation, for five consecutive years prior to the filing of the bill of complaint, and such separation is beyond any reasonable expectation of reconciliation." From a decree dismissing the bill, Jeanette Beck appeals.

The parties were married February 2, 1913, and lived together until October, 1939. One child, a son, now twenty-seven years old, was born of the marriage. The education of the boy was the cause of the estrangement of the parents. He had secured a scholarship at the University of Virginia, which furnished tuition; the other costs had to be provided by or for him. The father was against the son going on with his education and insisted that he go to work; the mother was determined that the boy should accept the scholarship, and she was willing to shoulder the cost; the father was not doing anything at the time. There was nothing but arguments and debates, which reached their climax about six months be-

fore the final break, and six months later the father left the bed of his wife and if so, constructively abandoned her, staying the last six months in the room of the son. At the end of the period she left the house and took up her quarters in a small room where she had set up a dress business, out of which, at great personal sacrifice, she was able to provide the funds necessary to finance the son's course at Virginia, and afterwards at the Maryland law school, ending in his admission to the Bar. The first abandonment was by the husband; the second was the act of the wife. There is no evidence in the record that the parties mutually agreed to live apart at any time since the first disagreement in the spring of 1930, or in October, 1930, when they took up separate abodes.

We have held in the first case after the five-year rule of the Act of 1937, Ch. 396, in *Campbell v. Campbell,* 174 Md. 229, 198 A. 414, 116 *A. L. R.* 939, that the separation must be "mutually voluntary," as was so held before that in several cases, under a similar statute, in Wisconsin, there cited. Although the facts in *Safe Deposit & Trust Co. v. France,* 176 Md. 306, 4 A. 2d 717, differ much from those in the Campbell case, the construction of the Act adopted in the Campbell case was adopted, this court saying (page 326 of 176 Md., page 726 of 4 A. 2d), "The very word 'voluntary' connotes an agreement." The separation to be voluntary, so as to entitle either party after five years' separation to a divorce, must be founded on an agreement to separate and live apart. In the Campbell case, it was held that while the first separation may be the act of either of the parties, they may subsequently mutually agree. There were, according to the record here, two separations: first, a constructive one by the defendant, and, six months later, an actual abandonment by the plaintiff. There is no evidence that they voluntarily agreed to live apart, at the time of either separation, or subsequent to either of them, an agreement or understanding that they live apart, though both must have understood that the separation was final. Much of the record related to the boy, but there is noth-

324

ing to show that he promoted the separation, though he was the cause of it, and nothing in it is to his discredit.

As it appears to this court, one of the parties, we do not decide which, may be entitled to a divorce on the ground of abandonment, but neither is entitled to one on the ground of a voluntary separation as it has been defined by this court, and the decree appealed from will, therefore, be affirmed, without prejudice to either.

*Decree affirmed, without prejudice, the appellee to pay the costs.*