ESHELMAN MOTORS CORPORATION, TO USE OF
EDWIN OTTENHEIMER, RECEIVER *v.* SCHEFTEL

[No. 226, September Term, 1962.]

*Decided April 11, 1963.*

The cause was argued before PRESCOTT, HORNEY, MARBURY
and SYBERT, JJ., and BYRNES, Associate Judge of the Eighth
Judicial Circuit, specially assigned.

*Herbert M. Brune,* with whom were *Brune, Robertson &
Iglehart* on the brief, for appellant.

No brief and no appearance for appellee.

BYRNES, J., by special assignment, delivered the opinion of the Court.

A summary judgment having been entered in an action of assumpsit against appellant for the amount of $3,055.05 upon default of defense, it moved within 13 days to set the judgment aside on the ground that the default was inadvertent and that it had meritorious defenses to the action.

For reasons which do not appear of record, the trial court, after hearing, denied the appellant's motion and granted a motion *ne recipiatur* which had been filed by appellee with respect thereto. Thereupon, the appellant prosecuted this appeal in which the appellee filed no brief nor made oral argument. We believe the trial court erred in both rulings.

Apparently, the trial court accepted appellee's argument below that under Maryland Rule 625 (Revisory Power of Court over Final Judgment—General), the Court may not set aside a judgment by default except for fraud, mistake or irregularity where it is regularly entered after service of process. Rule 625 does not go so far. The requirement that there be fraud, mistake or irregularity applies only where the motion to set aside is filed more than thirty days after the entry of judgment, otherwise the matter lies within the discretion of the Court. But it is a discretion which must be exercised liberally lest technicality triumph over justice. *Ryan v. Johnson,* 220 Md. 70, 150 A. 2d 906. The appellant is an insolvent corporation and owing to its financial circumstances had difficulty in engaging counsel and arranging for the defense of the action. Hence, its default in pleading to the narr. Appellee did not even claim that it would be prejudiced in any way if the judgment were set aside and a trial of the case had on its merits.

The only question left then is whether the appellant has shown that it has meritorious defenses to the action. *Ryan v. Johnson, supra.* Appellee brought this action to recover a 5% "finder's fee" the appellant promised to pay him on the "net proceeds received by" appellant from the sale of its stock. The narr alleged that 18,600 shares of stock were sold for $55,800 and that, accordingly, the sum of $2,790 representing finder's fee was due the appellee and appellant has refused to pay.

In its motion to set the judgment aside and supporting affidavits, the appellant pointed out that it had not received the sum of $55,800 from the sale of its stock, but on the contrary had received little if anything of value therefor. The transaction which is the subject of the action arose out of an attempted public issue through an underwriter of shares of the stock of the appellant. It appears that the underwriter defrauded the appellant, in consequence of which substantial questions of fact and law are raised as to whether appellant did, in fact, receive anything of value from the sales of its stock in question. In view of the contractual limitation of appellee's finder's fee to a percentage of the net proceeds received by appellant from such sales, there can be no doubt that the appellant has established that it has meritorious defenses which, in the circumstances, entitle it to a trial on the merits. The appellant also raised as a defense appellee's possible ultimate responsibility for appellant's losses arising from the underwriter's fraud because of the connection of appellee's son therewith. This defense also has sufficient merit to warrant a day in court.

Although we consider the defenses meritorious in the context of a motion to set aside the summary judgment by default, we do not wish to be understood as in any way adjudicating the merits of the case either as to fact or law. That is for the trial court.

*Orders reversed, and the cause remanded for trial on the merits, costs to be borne by the appellee.*