# SHAW v. ADAMS

[No. 47, September Term, 1971.]

*Decided November 9, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and DIGGES, JJ.

*Robert C. Verderaime,* with whom were *Verderaime & DuBois* on the brief, for appellant.

*Abraham L. Adler* for appellee.

PER CURIAM.

This is an appeal from an order of the Court of Common Pleas of Baltimore City vacating a judgment by default which had been entered in a tort action for want of plea. The chronology of the unusual chain of events is of significance. In May of 1968, Shaw sued the Mayor and City Council of Baltimore and one Oden, whom he mistakenly believed to be the owner of the property on which the injury was sustained. In February, 1970, Shaw filed an amended declaration, this time joining Adams, the owner of the property, as a defendant with the City. At the same time, Shaw elected a jury trial and served interrogatories on Adams.

When Adams neither responded to the declaration nor answered the interrogatories, Shaw, on 1 April 1970, moved for a judgment by default for want of plea, and, on the same day, judgment by default was entered. Also on the same day, Adams filed a general issue plea and answers to the interrogatories. It seems to be conceded that it was impossible to determine with absolute certainty which of the papers was filed first, even though the judgment by default was entered on the docket before the plea was entered.

In October of 1970, Adams moved to vacate the judgment. In March, 1971, the court granted the motion and this appeal followed.

Maryland Rule 625 a provides:

> "For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity."

The court below, in striking the judgment by default, regarded the filing of the general issue plea and an an-

swer to Shaw's motion *ne recipiatur* as having the effect
of a motion to vacate the judgment, and concluded that
the time within which the court could exercise its re-
visory power was thereby extended beyond the 30 day
period specified by Rule 625 a. As we see it, the court
reached the right result, but for the wrong reason.

Usually the law takes no cognizance of parts of a day,
*Reserves Ins. Co. v. Duckett,* 240 Md. 591, 597, 214 A. 2d
754 (1965) and in circumstances such as those presented
here, absent convincing proof that one paper was filed
before the other, it must be assumed that the lower court
entered a judgment by default at the same moment when
a general issue plea was filed. This essentially repugnant
act was precisely the type of irregularity contemplated
by Rule 625 a, which we defined in *Berwyn Fuel & Feed
Co. v. Kolb,* 249 Md. 475, 479, 240 A. 2d 239 (1968)
as "the doing or not doing of that, in the conduct of a
suit at law, which, conformable with the practice of the
court, ought or ought not to be done." *Compare Mutual
Benefit Society of Baltimore, Inc. v. Haywood,* 257 Md.
538, 263 A. 2d 868 (1970) *with Penn Central Co. v.
Buffalo Spring & Equipment Co.,* 260 Md. 576, 273 A.
2d 97 (1971).

As a result of the irregularity, the court's revisory
power continued beyond the date when the judgment was
enrolled. While it is true, as Shaw says, that Adams'
motion to vacate did not allege that there was an irreg-
ularity, there was a specific allegation of the circum-
stances which constitued the irregularity.

Once the irregularity is established, the party who
moves to set aside an enrolled judgment must also show
that he is acting in good faith, with ordinary diligence,
and that he has a meritorious defense, *Tasea Investment
Corp. v. Dale,* 222 Md. 474, 478-79, 160 A. 2d 920 (1960),
so as to satisfy the court in the exercise of a sound dis-
cretion that the judgment should be set aside, *New Free-
dom Corp. v. Brown,* 260 Md. 383, 272 A. 2d 401 (1971) ;
*Pinkston v. Swift,* 231 Md. 346, 190 A. 2d 533 (1963).

From the facts before it, although we are not to be understood as passing on their sufficiency, the lower court could have concluded that these criteria were met.

*Order affirmed, costs to be paid by appellant.*