## INTERNATIONAL-INDUSTRIAL DEVELOPERS, LTD. *v.* BERG

[No. 40 (Adv.), September Term, 1973.]

*Per Curiam Order May 25, 1973.*

*Opinion Filed June 5, 1973.*

The cause was argued before MURPHY, C. J., and BARNES, McWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ.

*Peter C. Andresen* for appellant.

*Fulton P. Jeffers,* with whom were *Hamilton P. Fox* and *Hearne, Fox & Bailey* and *Samuel B. Drue, Gary Stephen Mandel* and *Mandel, Rocklin, Franklin & Drue* on the brief, for appellee.

PER CURIAM:

On 25 May 1973, we entered a per curiam order affirming with costs an order of the Circuit Court for Worcester

County which had dismissed the motion of International-Industrial Developers, Ltd. (International) to strike, set aside and vacate a judgment by default which had been entered against it. We shall now give our reasons.

Mr. Berg, who had contracted to sell to International certain real estate at Ocean City, Maryland for $1,400,000.00, brought an action at law in the Worcester County court against International and three individuals seeking a declaration that the contract of sale was void and of no effect because the deposit of $100,000.00 called for by the contract had not been made in cash. When International failed to make a timely filing of a responsive pleading, judgment by default was entered against it, followed by a declaration that the contract was void and of no effect.

International appealed from this judgment, but later dismissed its appeal and filed a motion to vacate and set aside the judgment, having been put to the choice recognized by *Tiller v. Elfenbein*, 205 Md. 14, 19-21, 106 A. 2d 42 (1954). When this motion was denied on 20 February 1973, an appeal was taken by International from that order, and only from that order. As a consequence, the question before us is a narrow one: did the trial court abuse its discretion when it denied the motion to vacate? We are not here concerned with, nor shall we consider, the action in which declaratory relief was initially sought.

Maryland Rule 625 a gives a trial court revisory power and control over a judgment for 30 days after its entry, a period during which the trial court can act in the exercise of its sound discretion if it entertains a reasonable doubt that justice has not been done, *Clarke Baridon v. Union Co.*, 218 Md. 480, 483, 147 A. 2d 221 (1958). We have held that this is a discretion which must be exercised liberally, *J. B. Corp. v. Fowler*, 258 Md. 432, 435, 265 A. 2d 876 (1970), particularly when the movant shows a reasonable indication that there is a meritorious defense, *Eshelman Motors Corp. v. Scheftel*, 231 Md. 300, 301-02, 189 A. 2d 818 (1963). Under such circumstances, the failure to grant the motion may well amount to an abuse of discretion, *Ryan v. Johnson*, 220 Md. 70, 73, 150 A. 2d 906 (1959).

Conversely, if there is no showing of a meritorious defense — and there was none here — the denial of a motion to vacate is not an abuse of discretion, *Abrams v. Gay Investment Co.*, 253 Md. 121, 124-25, 251 A. 2d 876 (1969); *Hamilton v. Hamilton*, 242 Md. 240, 243, 218 A. 2d 684 (1966); *Malone v. Topfer*, 125 Md. 157, 164, 93 A. 397 (1915).

We are satisfied that the motion was properly denied.