THE MARYLAND LUMBER COMPANY *v.* SAVOY
CONSTRUCTION CO., INC. ET AL.

[No. 113, September Term, 1978.]

*Decided September 19, 1979.*

The cause was argued before MURPHY, C. J., and SMITH,
DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

*Sidney S. Friedman,* with whom were *Weinberger &*

*Weinstock, P.A.* and *Melvyn J. Weinstock* on the brief, for appellant.

*Daly D. E. Temchine,* with whom was *Steven A. Shaw* on the brief, for appellees.

DAVIDSON, J., delivered the opinion of the Court.

Maryland Rule 625 a, effective 1 January 1957, provides:

> "For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity."

Maryland Rule 611, as amended, effective 1 July 1975, provides:

> "Upon the entry of judgment by default or decree pro confesso, pursuant to Rule 310 b or Rule 610 c 3, for failure to plead in response to original process, the clerk shall mail forthwith, notice thereof to the defendant at his address, if any, specified in the pleadings and shall note such fact on the docket or case file. If no address is specified and the address is otherwise unknown, this Rule shall not apply. The notice sent by the clerk shall follow the form set forth in the Appendix of Forms."

This case presents the question whether a trial court may revise or set aside an enrolled judgment if it is shown that a clerk has failed to comply with the requirements of Rule 611.

On 16 November 1977, in the Circuit Court for Montgomery County, the appellant, The Maryland Lumber Company (Maryland), filed, insofar as here relevant, a "Declaration" and "Motion for Summary Judgment" against the appellees, Savoy Construction Co., Inc. and Bernstein Concrete

Corporation (Savoy).[1] The declaration alleged that Savoy owed it approximately $19,000 for "goods sold and delivered [and] work done and materials furnished." A summons was served on Savoy on 22 November 1977. No responsive pleading was filed. On 9 February 1978, Maryland filed an "Affidavit of Non-Military Service." On 23 February 1978, the trial court entered an order granting judgment in favor of Maryland for $19,858.15 and costs.

On 31 March 1978, more than 30 days after the entry of the judgment against it, Savoy filed, insofar as here relevant, a motion to set aside the judgment. The motion, supported by sworn affidavits including several exhibits, alleged that both Maryland and its attorney had indicated that a responsive pleading was unnecessary pending settlement negotiations; that relying upon those representations it did not retain an attorney; that the court had not notified it that on 23 February 1978 judgment had been entered; that it was first notified of the entry of judgment by a letter from Maryland's attorney dated 22 March 1978; that it had a meritorious defense, had been diligent, and had acted in good faith; and that the "irregularity" arising from the court's failure to notify it of the entry of judgment was the sole cause of its failure to file its motion to set aside the judgment within 30 days of the entry of that judgment. The underlying premise of Savoy's motion was that the clerk's failure to notify it of the entry of judgment constituted an "irregularity" within the meaning of Rule 625 a.

On 10 July 1978, after a hearing, the trial court entered an order striking the judgment. In a memorandum dated 28 August 1978, the trial court explained its grounds for its decision stating:

> "1. Plaintiff's counsel did not appear when this matter was set for argument on July 10, 1978, but instead relied on memoranda which is docket entry No. 11.

> "2. The Court decided that the judgment,

---

1. At some unidentified point in time, Bernstein Concrete Corporation merged with and became a part of Savoy Construction Co., Inc.

although more than thirty days old, was the subject
of an 'irregularity' as defined by Maryland law and
should be stricken."

The trial court made no findings as to whether Savoy had
acted in good faith with ordinary diligence and had a
meritorious defense.

Maryland appealed to the Court of Special Appeals. We
issued a writ of certiorari before consideration by that Court.
We shall affirm the order of the trial court because the clerk's
failure to notify Savoy constituted an "irregularity" within
the meaning of Rule 625 a, *see Mutual Benefit Society of
Baltimore, Inc. v. Haywood,* 257 Md. 538, 541-42, 263 A.2d
868, 870-71 (1970), as explicated by recent legislation.[2]

Maryland Code (1974, 1978 Cum. Supp.) § 6-408 of the
Courts and Judicial Proceedings Article, effective 1 July 1977,
provides:

> "For a period of 30 days after the entry of a
> judgment, or thereafter pursuant to motion filed
> within that period, the court has revisory power and
> control over the judgment. After the expiration of
> that period the court has revisory power and control
> over the judgment only in case of fraud, mistake,
> irregularity, *or failure of an employee of the court
> or of the clerk's office to perform a duty required
> by statute or rule.*" (Emphasis added.)

This statute, although not raised or considered by the parties
or the trial court, is applicable to and governs this case
because it was filed after 1 July 1977. *See County Federal*

---

2. In its brief, Savoy has included a "Motion to Dismiss Appeal" in which
it points out that the record extract prepared by Maryland contains two
documents not before the trial court. Savoy seeks to dismiss the appeal or
to strike the documents. In response, Maryland concedes that the documents
did not appear in the record below. It alleges, however, that it had submitted
one of the two documents to the trial court but that because of confusion
at the hearing, the document was not "received or recorded." It has made
a motion to correct the record by including that document. Savoy's motion
to dismiss and Maryland's motion to correct the record are denied. Savoy's
motion to strike the two documents which were not before the trial court is
granted.

*Sav. & Loan Ass'n v. Equitable Sav. & Loan Ass'n,* 261 Md. 246, 252-53, 274 A.2d 363, 367 (1971).

The language of § 6-408 of the Courts and Judicial Proceedings Article, which now governs a trial court's revisory power over judgments in both law and equity, *see Hughes v. Beltway Homes, Inc.,* 276 Md. 382, 383, 386, 347 A.2d 837, 838, 840 (1975); Maryland Rule 5 o,[3] is plain and unambiguous. It makes no change in a trial court's revisory power and control over an unenrolled judgment. Thus, if a motion to revise or set aside a judgment is filed within 30 days of the entry of a judgment, a trial court has unrestricted discretion to revise the unenrolled judgment and that discretion has to be liberally exercised. *Hardy v. Metts,* 282 Md. 1, 5-6, 381 A.2d 683, 686 (1979); *International-Industrial Developers, Ltd. v. Berg,* 269 Md. 250, 251, 305 A.2d 121, 122 (1973); *Hamilton v. Hamilton,* 242 Md. 240, 243, 218 A.2d 684, 686 (1965), *cert. denied,* 385 U.S. 924, 87 S. Ct. 239 (1966); *Eshelman Motors v. Scheftel,* 231 Md. 300, 301, 189 A.2d 818, 818 (1963). It does, however, establish that a trial court may now revise an enrolled judgment, not only if facts and circumstances are shown to establish that the entry of the enrolled judgment resulted from fraud, mistake, or irregularity, *Hughes v. Beltway Homes, Inc.,* 276 Md. at 383, 386, 389, 347 A.2d at 840, 841-42; *Ventresca v. Weaver Bros.,* 266 Md. 398, 403-04, 292 A.2d 656, 659-60 (1972); *Shaw v. Adams,* 263 Md. 294, 296, 283 A.2d 390, 391 (1971); *Tasea Invest. Corp. v. Dale,* 222 Md. 474, 478-79, 160 A.2d 920, 923 (1959), but, also if it resulted from a failure of an employee of the court or of the clerk's office to perform a duty required by statute or rule. Of course, once fraud, mistake, or irregularity, including an employee's failure to perform such a duty has been established, the party moving to set aside an enrolled judgment must still additionally show that it is acting in good faith, with ordinary diligence, and that it has a meritorious defense or cause of action.

---

3. Maryland Rule 5 o, effective 1 July 1976, provides:

" 'Judgment' means judgment at law, decree in equity and any other order of court final in its nature."

Applying these principles to the instant case produces a clear result. Here the record shows that at the hearing on the motion to set aside the judgment, the Assistant Chief Deputy, Clerk of the Circuit Court, Montgomery County, testified that the notice of the entry of a default judgment required by Rule 611 had not been sent. This evidence was sufficient to support a finding that notice of the entry of the judgment required by Rule 611 was not provided to Savoy.

In addition, the affidavits and exhibits filed in support of the motion to set aside the judgment contained evidence more than sufficient to support a finding that Savoy acted in good faith, with ordinary diligence, and had a meritorious defense. Because the record contains facts sufficient to support a conclusion that all of the applicable criteria for revising or setting aside a judgment were met, the trial court's failure to make express findings is immaterial. *Hardy v. Hardy,* 269 Md. 412, 416, 306 A.2d 244, 246 (1973); *Shaw v. Adams,* 263 Md. at 297, 283 A.2d at 391 (dicta).

> *Order affirmed.*
> *Costs to be paid by appellant.*