BRUCE B. HASKELL ET UX. *v.* WILLARD
F. CAREY ET UX.

[No. 149, September Term, 1981.]

*Decided October 27, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODWSKY and COUCH, JJ.

*Alan Chep,* with whom were *Alan J. Hyatt* and *Hyatt & Chep, P.A.* on the brief, for appellants.

*Robert L. Burchett,* with whom were *Miller, Miller & Canby* on the brief, for appellees.

DAVIDSON, J., delivered the opinion of the Court.

The respondents, Willard F. Carey and Hazel Carey (owners), owned fee simple title to certain unencumbered property located in Montgomery County (property). After their failure to pay property taxes, the property was sold at a tax sale to the petitioners, Bruce B. Haskell and Evelyn M. Haskell (buyers), on 11 June 1979.

On 19 March 1981, in the Circuit Court for Montgomery County, the buyers petitioned to foreclose the owners' right to redeem the property. The owners were served on 24 April 1981, but failed to respond. On 16 July 1981, the trial court entered a "final decree" foreclosing the owners' right of redemption.

On 6 August 1981, within 30 days after entry of the "final decree," the owners, alleging that their failure to respond was due to their age, ill health, and other personal problems, moved the trial court to revise its "final decree" and allow them to redeem their property. On 26 August 1981, the trial court, exercising its broad discretionary power over

unenrolled judgments, set aside its previous "final decree" of foreclosure.

The buyers filed an appeal to the Court of Special Appeals. While that appeal was pending, the buyers filed a petition for a writ of certiorari in this Court. We issued such a writ before consideration by the Court of Special Appeals. We shall affirm the judgment of the trial court.

This case presents a question concerning the relationship between Maryland Code (1974, 1980 Repl. Vol.) § 6-408 of the Courts and Judicial Proceedings Article, and Maryland Code (1957, 1980 Repl. Vol.), Art. 81, § 113. More particularly, the question presented is whether a trial court has the broad discretionary power to revise an unenrolled [1] judgment [2] foreclosing a property owner's right to redeem property sold at a tax sale for nonpayment of taxes.

The relevant statutory provisions are § 6-408 of the Courts Article [3] and Art. 81, § 101, § 112, and § 113.[4]

Section 6-408 of the Courts Article provides:

> "*For a period of 30 days after the entry of a judgment,* or thereafter pursuant to motion filed within that period, *the court has revisory power and control over the judgment.* After the expiration of that period the court has revisory power and control over the judgment only in case of fraud, mistake, irregularity, or failure of an employee of the court or of the clerk's office to perform a duty required by statute or rule." (Emphasis added.)

---

1. Md. Rule 671 a provides:

   "A final decree, and order in the nature of a final decree, shall be considered as enrolled from and after the expiration of thirty days from the date of same."

2. Md. Rule 5 o provides:

   " '*Judgment*' means judgment at law, *decree in equity* and any other order of court final in its nature." (Emphasis added.)

3. § 6-408 of the Courts Article was enacted by 1977 Md. Laws, ch. 271, effective 1 July 1977.

4. Art. 81, § 101, § 112, and § 113 were enacted by 1943 Md. Laws, ch. 761, effective 31 December 1943.

Article 81, § 101 provides in pertinent part:

"The equity court, upon the filing of a bill to foreclose the right of redemption, shall have full equity jurisdiction to give full and complete relief under the provisions of this subtitle, *in accordance with the general equity jurisdiction and practice* of the said court, *and with all provisions of all laws* and rules of court *relating to the equity courts* of the county in which the property is located, *except as otherwise provided* in this subtitle. . . ." (Emphasis added.)

Section 112 provides in pertinent part:

"At the expiration of the time limited in the order of publication, and in the subpoena, the court shall pass its decree in the proceedings, *in accordance with the general equity jurisdiction and practice of the said court. The decree shall be final and conclusive upon the defendants,* their heirs, devisees and personal representatives. . . . If the court shall find for the plaintiff, the decree shall vest in the plaintiff an absolute and indefeasible title in fee simple in the property. . . . Once a final decree has been granted, the plaintiff shall become immediately liable for the payment of all taxes due and payable thereafter." (Emphasis added.)

Section 113 provides in pertinent part:

"No application shall thereafter be entertained to reopen any final decree rendered under the provisions of this subtitle *except on the ground of lack of jurisdiction or fraud in the conduct of the proceedings to foreclose. . . ."* (Emphasis added.)

While this Court has previously applied Art. 81, § 113 in cases involving enrolled judgments of foreclosure of the right of redemption with respect to properties sold at tax sales, *e.g., Arnold v. Carafides,* 282 Md. 375, 377-79, 384 A.2d 729, 730-31 (1978); *James v. Zantzinger,* 202 Md. 109, 113-16, 96

A.2d 10, 12-13 (1953), we have not previously considered the precise question presented here involving the applicability of § 113 to unenrolled judgments. In *Perryman v. Suburban Development Corp.,* 33 Md.App. 589, 365 A.2d 570 (1976), the Court of Special Appeals determined that § 113 applied to unenrolled judgments of foreclosure of the right of redemption. There that Court held that a decree foreclosing the right of redemption under § 113 was conclusive, that that statute does not permit the application of the revisory power conferred by Md. Rule 625 a; [5] and that even though unenrolled, a decree foreclosing the right of redemption could not be reopened except for lack of jurisdiction or fraud in the conduct of the proceedings to foreclose. After the Court of Special Appeals' decision in *Perryman,* the Legislature enacted § 6-408 of the Courts Article. Shortly thereafter, this Court reversed the decision of the Court of Special Appeals on other grounds, *Suburban Development Corp. v. Perryman,* 281 Md. 168, 377 A.2d 1164 (1977). In a footnote, however, we stated:

---

**5.** Md. Rule 625 a provides:

> *"For a period of thirty days after the entry of a judgment,* or thereafter pursuant to motion filed within such period, *the court shall have revisory power and control over such judgment.* After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity." (Emphasis added.)

Md. Rule 625 a, effective 1 January 1957, was the predecessor to § 6-408 of the Courts Article. This Rule was preceded by General Rules of Practice and Procedure, Part 2, VI, Rule 1, effective 12 November 1947, which provided:

> *"Courts shall have for a period of thirty (30) days after the doing of any act or thing in any cause the same revisory power and control over such act or thing which they have had under the practice heretofore existing,* or which they had under practice existing prior to the adoption of a special provision of any Public Local Law herewith superseded, during the term at which it was done, and no more; and after thirty (30) days from the doing of any such act or thing or after the expiration of the term at which it was done, whichever time is longer, courts shall have the same revisory power and control as they have had under practice heretofore existing, or which they had under practice existing prior to the adoption of a special provision of any Public Local Law herewith superseded, after the term at which it was done, and no more." (Emphasis added.)

> "In directing dismissal of this appeal *we are not to be understood as either approving or disapproving the Court of Special Appeals' conclusion that the revisory powers granted a circuit court by Maryland Rule 625 do not extend to cases involving foreclosure of the right of redemption.* However, should the question arise again its resolution should be considered in light of our ruling in *Owen v. Freeman,* 279 Md. 241, 367 A.2d 1245 (1977),[6] concerning Rule 625 as it relates to Dismissal Rule 528 L of the Supreme Bench of Baltimore City, which was decided subsequent to the ruling of the Court of Special Appeals in this case." *Suburban Dev. Corp.,* 281 Md. at 169 n.1, 377 A. 2d at 1164 n.1 (emphasis added).

Thus, the precise question here remained unanswered by this Court.

The question of the applicability of Art. 81, § 113 to unenrolled judgments of foreclosure of the right of redemption was raised again in *Scheve v. McPherson,* 44 Md.App. 398, 408 A.2d 1071 (1979). There, the Court of Special Appeals found that § 113 and § 6-408 of the Courts Article were inconsistent. That Court pointed out that at the

---

**6.** *Owen v. Freeman,* 279 Md. 241, 367 A.2d 1245 (1977), concerned Rule 528 L(6) of the Supreme Bench of Baltimore City, a local court rule, that provided that a judgment dismissing a case for failure of prosecution should "under no conditions be ordered reinstated by any order of Court or otherwise." The question presented was whether, under Rule 625 a, a trial court nevertheless had broad discretionary power to revise an unenrolled judgment of dismissal for failure of prosecution. There, this Court said:

> "As is clear from the language of Rule 625 a, no judgment is specifically excluded from the operation of the rule, and our cases hold it applies to *all* final judgments.
> . . .
> Of course, if it were determined desirable for some reason to prohibit the judges of the Supreme Bench from correcting injustices or other error after the entry of a judgment of dismissal for lack of prosecution under their Rule 528 L(6), a proper way to achieve that end would be for this Court to provide a specific exemption in Rule 625 a for such dismissal judgments." *Owen,* 279 Md. at 245, 248, 367 A.2d at 1248, 1250 (emphasis in original).

Thus, this Court determined that, absent a specific exemption, Rule 625 a applied.

time the Legislature enacted § 6-408, it was presumably aware of this Court's language in *Owen,* 279 Md. at 245, 367 A.2d at 1248, indicating that Rule 625 a "applies to *all* final judgments." The Court of Special Appeals concluded that "the 1977 enactment was intended to prevail. . . ." *Scheve,* 44 Md.App. at 415-16, 408 A.2d at 1082. Thus, in effect, that Court held that Art. 81, § 113 was not applicable to unenrolled judgments. Although in the instant case we conclude that Art. 81, § 113 is not applicable to unenrolled judgments, we reach this result for reasons other than those expressed by the Court of Special Appeals in *Scheve.*

The cardinal rule of statutory construction is to ascertain the actual intent of the Legislature. The primary source from which to determine the intention of the Legislature is the language of the statute itself. In determining whether the meaning of a statute is ambiguous, it is not proper to confine interpretation to the isolated section to be construed. Rather, in determining the meaning of a particular provision or section, even where its language appears to be clear and unambiguous, it is necessary to examine that provision or section in its context. If the statutory language is ambiguous, the statute is to be construed reasonably and with reference to the purpose to be accomplished. *Bledsoe v. Bledsoe,* 294 Md. 183, 188-89, 448 A.2d 353, 356 (1982); *State v. Loscomb,* 291 Md. 424, 429, 435 A.2d 764, 767 (1981); *Comptroller of the Treasury v. John C. Louis Co.,* 285 Md. 527, 538, 404 A.2d 1045, 1052-53 (1979).

The language of Art. 81, § 113, that provides that a final judgment of foreclosure of the right of redemption should not be revised except on the grounds of lack of jurisdiction or fraud in the conduct of the proceedings to foreclose, appears to be clear and unambiguous. When examined in the context of Art. 81, § 101 and § 112, however, it is unclear whether the limits placed on the trial court's power to revise are applicable to such unenrolled as well as enrolled judgments.

Article 81, § 101 provides that in a case involving foreclosure of the right of redemption, a trial court may grant complete relief "in accordance with the general equity

jurisdiction and practice of the said court, and with all provisions of all laws and rules of court relating to the equity courts . . . except as otherwise provided in this subtitle. . . ." From time immemorial, in Maryland, the distinction between a trial court's broad discretionary power to revise an unenrolled judgment, and its limited power to revise an enrolled judgment has been a part of equity practice. *Maryland Lumber Co. v. Savoy Construction Co.,* 286 Md. 98, 102, 405 A.2d 741, 743 (1979); *Bailey v. Bailey,* 181 Md. 385, 387-88, 30 A.2d 249, 250 (1943); *Burch v. Scott,* 1 Gill & J. 393, 398-400 (1829); § 6-408 of the Courts Article; Md. Rules 625 a and 671 a; *see Ayre v. State,* 291 Md. 155, 159-60, 433 A.2d 1150, 1153 (1981). Section 6-408 of the Courts Article is a legislative enactment that embodies this part of equity practice.

Article 81, § 113, which specifically limits the circumstances under which final judgments foreclosing the right of redemption may be revised, appears to establish a broad exception to the applicability of the equity practice embodied in § 6-408 of the Courts Article with respect to both unenrolled and enrolled judgments of foreclosure. However, at the time of the enactment of § 113 in 1943, the Legislature was assumably aware of the preexisting equity practice distinguishing between a trial court's power to revise an enrolled and an unenrolled judgment. *See, e.g., American Legion, Clopper Michael Post #10, Inc. v. State,* 294 Md. 1, 8, 447 A.2d 842, 846 (1982); *Loscomb,* 291 Md. at 436, 435 A.2d at 770. Nonetheless, § 113 did not expressly limit the exercise of the trial court's revisory power over unenrolled judgments. Moreover, Art. 81, § 112 expressly requires the trial court to "pass its decree [foreclosing the right of redemption] . . . in accordance with the general equity jurisdiction and practice of the said court." Under these circumstances, it is unclear whether the exception established in § 113 is applicable to unenrolled judgments.

If the language of Art. 81, § 113 were construed to be applicable to unenrolled judgments, then it would conflict with the provision in § 6-408 of the Courts Article that

authorizes a trial court to exercise broad discretionary power over unenrolled judgments. However, the applicable rules of statutory construction direct that when two statutes, enacted at different times, cover similar subject matter, but make no reference to each other, they should be construed, if at all feasible, so as to give as full effect to each other as possible. Moreover, if the statutes are not irreconcilable, they should be construed in harmony with their respective objects. *Surrats Assocs. v. Prince George's County,* 286 Md. 555, 559-60, 408 A.2d 1323, 1326 (1979); *Commission on Medical Discipline v. Bendler,* 280 Md. 326, 330, 373 A.2d 1232, 1234 (1977); *Smith v. Gray Concrete Pipe Co.,* 267 Md. 149, 155, 297 A.2d 721, 725 (1972).

In our view, § 6-408 and § 113 are not irreconcilable, and can both be given effect if § 113 is construed to be applicable only to enrolled judgments of foreclosure of the right of redemption and inapplicable to such unenrolled judgments. Such a result is consonant with the dual purposes of § 6-408 and the purpose of § 113.

The purpose of authorizing a trial court to exercise broad discretion to revise unenrolled judgments is to insure that technicality does not triumph over justice. *International-Industrial Developers, Ltd. v. Berg,* 269 Md. 250, 251, 305 A.2d 121, 122 (1973); *Hamilton v. Hamilton,* 242 Md. 240, 243, 218 A.2d 684, 686, *cert. denied,* 385 U.S. 924, 87 S.Ct. 239 (1966). The purpose of limiting a trial court's discretion to revise an enrolled judgment is to promote finality of judgment and thus to insure that litigation comes to an end. *Schwartz v. Merchants Mortgage Co.,* 272 Md. 305, 308-09, 322 A.2d 544, 546 (1974); *Penn Central Co. v. Buffalo Spring & Equip. Co.,* 260 Md. 576, 584-85, 273 A.2d 97, 101-02 (1971). The purpose of § 113 is to promote finality of judgment and thus to assure marketability of title. *Arnold,* 282 Md. at 377, 384 A.2d at 730; *Thomas v. Kolker,* 195 Md. 470, 475, 73 A.2d 886, 888 (1950); Md. Code (1957, 1980 Repl.Vol.), Art. 81, § 97. As this Court reiterated in *Arnold,* 282 Md. at 377, 384 A.2d at 730:

" '[T]he public interest in marketable titles to prop-

erty purchased at tax sales outweighs considerations of individual hardship in *every case*, except upon a showing of lack of jurisdiction or fraud in the conduct of the foreclosure.' " [7]

This Court, under circumstances analogous to those here, has previously recognized that the public policy in favor of finality of judgment does not pertain to an unenrolled judgment. Thus, in *Hamilton,* 242 Md. at 243, 218 A.2d at 686, this Court said:

> "While there is a strong public policy in favor of sustaining the finality of divorce decrees, this policy would not operate in regard to an unenrolled decree before parties could have changed their position and relied on it to their detriment." (Citations omitted.)

The rationale underlying this conclusion is that the 30-day period in which a trial court has broad discretionary power to revise an unenrolled judgment is concurrent with the 30-day period in which an appeal may be filed, Md. Rule 1012, and, therefore, is a period during which the parties themselves would not change their position or rely upon the judgment to their detriment. For the same reason, the public policy in favor of finality of judgment does not pertain to an unenrolled judgment of foreclosure of the right of redemption. By construing Art. 81, § 113 as applying only to enrolled judgments of foreclosure, we achieve a proper balance between the public interest in preventing injustice and individual hardship resulting from legal technicalities, and the public interest in assuring marketable title promptly after a judgment foreclosing a right of redemption.

We conclude that Art. 81, § 113 is applicable to enrolled judgments of foreclosure of the right of redemption, but is

---

7. We note that in both *Arnold* and *Thomas,* this Court was considering the relationship of the public policy favoring finality of judgment with respect to enrolled and not to unenrolled judgments of foreclosure of the right of redemption.

inapplicable to such unenrolled judgments. Accordingly, we shall affirm the judgment of the trial court.

> *Judgment of the Circuit Court for Montgomery County affirmed. Costs to be paid by petitioners.*