**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1483

DENNIS LLOYD SCOTT, JR.; MARION SCOTT,

Petitioners - Appellants,

v.

HOWARD BIERMAN; CARRIE M. WARD; GEORGE JACOB GEESING,
substitute trustees; CONNIE HALL; RAYMOND LEE HALL; BIERMAN,
GEESING & WARD, LLC,

Respondents – Appellees,

and

JOHN C. PROUTY; TIMOTHY BRANIGAN,

Respondents.

Appeal from the United States Bankruptcy Court for the District
of Maryland, at Baltimore.   Thomas J. Catliota, Bankruptcy
Judge. (0:09-bk-33928; AP10-00059)

Argued: March 22, 2011              Decided: May 12, 2011

Before WILKINSON, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished opinion.   Judge Keenan wrote the
opinion, in which Judge Wilkinson and Judge Diaz joined.

**ARGUED:** John Douglas Burns, BURNS LAW FIRM, LLC, Greenbelt,
Maryland, for Appellants.  Brent M. Ahalt, MCNAMEE, HOSEA,
JERNIGAN, KIM, GREENAN & WALKER, PA, Greenbelt, Maryland, for

Appellees. **ON BRIEF:** Steven L. Goldberg, MCNAMEE, HOSEA, JERNIGAN, KIM, GREENAN & WALKER, PA, Greenbelt, Maryland, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

KEENAN, Circuit Judge:

In December 2009, Dennis Lloyd Scott, Jr., (Dennis Scott) filed a voluntary petition in the bankruptcy court seeking relief under Chapter 13 of the United States Bankruptcy Code. He later initiated an adversary proceeding in the bankruptcy court along with his mother, Marion R. Scott (Mrs. Scott). The Scotts claimed that they retained legal title to certain real property in Maryland, which had been subjected to a foreclosure sale later ratified by the Calvert County Circuit Court. The Scotts asserted that the property at issue was part of Dennis Scott's bankruptcy estate.

The Scotts later sought a preliminary injunction, prohibiting the eviction of Mrs. Scott from the property, which the bankruptcy court denied. In this appeal, the Scotts filed an interlocutory challenge to the bankruptcy court's denial of their request for preliminary injunctive relief. Upon our review, we agree with the bankruptcy court's determination that the property was not part of the bankruptcy estate and, accordingly, we affirm the bankruptcy court's order denying preliminary injunctive relief.

I.

Until early April 1997, Mrs. Scott was the sole owner of certain real property, improved by a dwelling, located at 601

3

Ray Road in Sunderland, Maryland (the property). On April 15, 1997, Mrs. Scott conveyed by deed her interest in the property to herself and to her son, Dennis Scott, as joint tenants.

In September 2005, the Scotts obtained a loan from Argent Mortgage Company (the lender). The loan was secured by a deed of trust on the property, which was recorded in the land records of Calvert County. At some point after 2005, when the Scotts defaulted on the loan, the lender notified the Scotts that it was enforcing the power of sale provided in the deed of trust. The lender appointed Howard Bierman, Jacob Geesing, and Carrie Ward (collectively, Bierman) as substitute trustees to conduct a foreclosure sale of the property.

As part of the foreclosure sale proceedings, Bierman published an advertisement announcing the sale. The advertisement listed the property's street address, a short description of the property, and referenced the property description contained in the deed of trust.

On March 31, 2009, Connie L. Hall (Mrs. Hall) purchased the property at the foreclosure sale. The Scotts, who were given notice of the foreclosure sale, did not challenge the sale before or immediately after it was conducted. The Calvert County Circuit Court (the Maryland court) entered an order on May 11, 2009, ratifying the sale of the property. On June 4, 2009, Bierman recorded in the land records a deed (the purchase

4

deed) conveying the property to Mrs. Hall and her husband, Raymond L. Hall (collectively, the Halls).

On June 11, 2009, based on Mrs. Scott's failure to vacate the property, Mrs. Hall filed in the Maryland court a motion for judgment seeking possession of the property. On August 14, 2009, the Scotts filed an opposition to that motion and also filed a "Motion to Reconsider, Set Aside, Vacate, and Rescind" the Maryland court's order ratifying the foreclosure sale (the motion to rescind).

In the motion to rescind, the Scotts argued for the first time that the original deed of trust did not contain a complete description of the property, because the deed of trust did not reference one of the two indivisible parcels described in the deed and lacked a "savings and excepting" clause. Thus, the Scotts asserted that the entirety of the property was not sold in the foreclosure sale. The Scotts also asserted that the advertisement for the foreclosure sale was deficient because it referenced the incomplete property description contained in the deed of trust.[1] Finally, the Scotts alleged that the lender and Bierman failed to correct the incomplete property description by

---

[1] Also in their motion to rescind, the Scotts argued that their signatures of on the original deed were not properly notarized, and that the "report of sale" was defective because it excluded Mrs. Hall's husband and referred to Mrs. Hall as "Connie Paul" rather than "Connie Lee Hall."

5

recording an amended deed of trust after the foreclosure sale and ratification. Relying on these arguments, the Scotts contended that the foreclosure sale and the resulting ratification by the Maryland court were void.

The Maryland court had not acted on the Scotts' motion to rescind, or on Mrs. Hall's motion seeking possession of the property, at the time Dennis Scott filed his bankruptcy petition. Based on Dennis Scott's bankruptcy petition, the Scotts filed in the Maryland court a suggestion of stay under 11 U.S.C. § 362(a), requesting that the Maryland court take no further action with regard to the property.

On December 10, 2009, the Maryland court held a hearing on the parties' pending motions.[2] After the hearing, the Maryland court declined the Scotts' request to stay the proceedings and awarded possession of the property to Mrs. Hall. The Maryland court also denied the Scotts' motion to rescind. One month later, the Halls filed in the Maryland court a motion for enforcement of the judgment of possession seeking to evict Mrs. Scott from the property. As of the date of this opinion, the Maryland court had not acted on that motion.

---

[2] The record shows that counsel representing the Scotts thought that the hearing would not take place and, therefore, did not attend that hearing. As explained later in this opinion, counsel's absence at this hearing does not affect our ultimate conclusion in this appeal.

6

Meanwhile, on January 29, 2010, the Scotts initiated an adversary proceeding in the bankruptcy court against Bierman, the Halls, and other parties (collectively, the defendants).[3] In the Scotts' amended complaint, they asserted various claims relating to their contention that the foreclosure sale and the Maryland court's ratification of the sale were invalid. The Scotts sought declaratory relief, imposition of a constructive trust, monetary damages, and attorney's fees and costs.[4]

In their primary claim, the Scotts asked the bankruptcy court to declare that the property was part of Dennis Scott's bankruptcy estate under 11 U.S.C. § 541. The Scotts asserted that when the bankruptcy petition was filed, the ratification of the foreclosure sale was not final because the motion to rescind was pending in the Maryland court. Although the Scotts acknowledged that they may have been divested of equitable title in the property as a result of the foreclosure sale, they nonetheless contended that that they retained legal title to the

---

[3] The complaint also named as defendants, Bierman, Geesing, Ward & Wood, LLC, John C. Prouty, and Timothy Branigan. Prouty prepared the purchase deed, while Branigan is the appointed trustee of Scott's bankruptcy case.

[4] In the other seven counts in the amended complaint, the Scotts asserted claims of equitable subordination, disparagement of title, negligence, violation of the automatic stay, and requested imposition of a constructive trust. Additionally, the Scotts sought monetary damages and attorney's fees and costs.

7

property on the ground that the foreclosure sale and the Maryland court's ratification of sale were void.

After filing their amended complaint, the Scotts also filed a motion for a preliminary injunction in the bankruptcy court. In that motion, the Scotts asked the bankruptcy court to enjoin Mrs. Scott's eviction from the property and to prohibit the defendants from filing further motions in the Maryland court relating to the property. The defendants filed an opposition to the Scotts' motion for preliminary injunction.

After conducting a hearing, the bankruptcy court denied the Scotts' request for a preliminary injunction. In accordance with 28 U.S.C. § 158(d)(2)(A)(iii), the bankruptcy court entered an order certifying an immediate appeal to this Court.[5] We granted the Scotts' motion for permission to appeal.

II.

A.

In reviewing the denial of a preliminary injunction, we consider whether the court abused its discretion in refusing to grant such relief. W. Va. Ass'n of Club Owners & Fraternal

---

[5] The bankruptcy court also entered an order granting a stay pending the Scotts' appeal from the denial of the preliminary injunction. In that order, the bankruptcy court required Mrs. Scott to pay the Halls each month the cost of the mortgage payments.

8

Servs. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009). We review factual determinations under a clearly erroneous standard, and we review legal conclusions de novo. Id.

A preliminary injunction is an "extraordinary remedy," which may be awarded only upon a "clear showing" that a plaintiff is entitled to such relief. The Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 345 (4th Cir. 2009) (citing Winter v. Nat. Res. Defense Council, 555 U.S. 7, ___, 129 S.Ct. 365, 374-75 (2008)) vacated in part on other grounds, 130 S.Ct. 2371 (2010). Preliminary relief affords a party, before a trial, the type of permanent relief ordinarily available only after trial. Id. To obtain a preliminary injunction, a plaintiff must establish four elements: 1) that the plaintiff is likely to succeed on the merits; 2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities weighs in the plaintiff's favor; and 4) that a preliminary injunction is in the public's interest. Id.; Musgrave, 553 F.3d at 298.

In the present case, the bankruptcy court determined that the Scotts failed to carry their burden of proving the first required element, a likelihood of success on the merits. Therefore, in reviewing the bankruptcy court's decision, we focus our analysis on the merits of Scotts' central claim in the

9

amended complaint, namely, that the property was part of the bankruptcy estate.

## B.

Under federal bankruptcy law, the commencement of a bankruptcy action creates an estate, which is comprised of the debtor's legal and equitable property interests. 11 U.S.C. § 541. The federal courts apply state law to determine the nature of the debtor's interest in property. Butner v. United States, 440 U.S. 48, 55 (1979); In re Price, 562 F.3d 618, 624 (4th Cir. 2009).

In Maryland, foreclosure proceedings are governed by the Maryland Real Property Code and the Maryland Rules. Laney v. Maryland, 842 A.2d 773, 780 (Md. 2004). Before a foreclosure sale takes place, the holder of the security interest (the lender) must fulfill certain notice requirements, including notifying the property owner (the borrower) about the proposed foreclosure sale.[6] Id. at 781-82; Md. Real Prop. Code § 7-105, Md. R. 14-206(b).

Maryland law requires that a trustee conducting a foreclosure sale advertise the sale, stating the time, place,

---

[6] The parties agree that the Scotts received the required notice at each stage of the foreclosure proceedings.

and terms of the sale, and a description of the property sufficient to identify it.  Md. R. 14-303(b).  Immediately after a foreclosure sale, the purchaser acquires an equitable interest in the property.  IA Constr. Corp. v. Carney, 672 A.2d 650, 654 (Md. 1996).  However, before the purchaser can acquire legal title to the property, several additional acts must occur.

After the foreclosure sale, the lender must submit to the circuit court certain documents, including a report of sale. Md. Rule 14-305(a).  The circuit court then issues a notice of sale and, if no exceptions to the sale are filed within 30 days, the circuit court "shall ratify the sale."  Md. Rule 14-305(e). A circuit court's ratification of a foreclosure sale certifies that the court viewed the sale as fair, and constitutes a final resolution of the sale.  See id.; Manigan v. Burson, 862 A.2d 1037, 1040-41 (Md. Ct. Spec. App. 2004).  In light of this finality, a borrower has no right of redemption after a completed foreclosure sale and ratification.  Laney, 842 A.2d at 783; Simard v. White, 859 A.2d 168, 205 (Md. 2004).  Also after ratification, the trustee may deliver the property by deed to the purchaser, thereby providing the purchaser with legal title. See Laney, 842 A.2d at 783-84; Simard, 859 A.2d at 205.

Maryland law unambiguously provides that the combined acts of a completed foreclosure sale, a ratification of the sale by the circuit court, and a conveyance of the property to the

11

purchaser "operate[] to pass all the title which the borrower had in the property at the time of the recording of the mortgage or deed of trust." Md. Real Prop. Code § 7-105(c); see Laney, 842 A.2d at 783; see also Lippert v. Jung, 783 A.2d 206, 214 (Md. 2001) (if an owner of foreclosed property fails to redeem, purchaser acquires absolute title). At this point, a borrower also loses the right to possess the property. Laney, 842 A.2d at 783.

Under Maryland law, objections to the validity of a foreclosure generally will not be entertained after a circuit court has ratified the foreclosure sale. Manigan, 862 A.2d at 1040. The law provides different ways for an interested party to object to a foreclosure sale before ratification.

Under Maryland Rule 14-211, a borrower may file a motion to "stay the sale of the property and dismiss the foreclosure action" before the sale takes place. Md. Rule 14-211(a)(1). This Rule provides the borrower an opportunity to seek injunctive relief challenging "the validity of the lien or the lien instrument or the right of the [lender] to foreclose in the pending action." Md. Rule 14-211(a)(3)(B); see Bates v. Cohn, 9 A.3d 846, 852 (Md. 2010).

After the foreclosure sale, an interested party may file exceptions "to the sale" within 30 days after the circuit court issues a notice of the sale. Md. Rule 14-305(d). Permissible

12

exceptions include challenges of procedural irregularities, such as allegations that the advertisement was insufficient or inaccurately described the property. <u>Greenbriar Condo. v. Brooks</u>, 878 A.2d 528, 563-64 (Md. 2005).

The Scotts did not object to the foreclosure sale before it occurred, or during the 30-day time period before the sale was ratified by the circuit court. Rather, three months after the circuit court's ratification of the foreclosure sale, the Scotts filed their motion to rescind under Maryland Rule 2-535(b). That Rule permits a party at any time to file a motion requesting a court to exercise its power to revise a judgment. Md. R. 2-535. When such a motion is filed more than 30 days after a judgment is entered, as occurred in this case, the moving party must establish by clear and convincing evidence extrinsic fraud, jurisdictional mistake, or irregularity of process or procedure previously unknown to the moving party. <u>See</u> Md. Cts. & Jud. Proc. Code § 6-408; <u>Jones v. Rosenberg</u>, 940 A.2d 1109, 1119-20 (Md. 2008); <u>Manigan</u>, 862 A.2d at 1041; <u>Bernstein v. Kapneck</u>, 417 A.2d 456, 460 (Md. Ct. Spec. App. 1980). These restrictions on a court's discretionary authority to revise a judgment promote the finality of judgments and ensure that litigation comes to an end. <u>Haskell v. Carey</u>, 451 A.2d 658, 663 (Md. 1982).

Applying these principles and rules of Maryland jurisprudence, we conclude that the Scotts held no interest in the property when Dennis Scott filed his bankruptcy petition and that, therefore, the property was not part of Dennis Scott's bankruptcy estate. The timeline of events relating to the sale of the property is not disputed. The foreclosure sale took place in March 2009. Thirty days after issuing the notice of sale, the Maryland court entered an order of ratification, which provided a final resolution of all matters relating to the foreclosure sale. The ratification order authorized Bierman to convey the property to the Halls and to execute the purchase deed. Upon execution of that deed, the Halls acquired complete title to the property, divesting the Scotts of any interest remaining in the property. See Md. Real Prop. Code § 7-105(c); Laney, 842 A.2d at 783.

Although the Scotts had received proper notice of the foreclosure sale, the Scotts took no action in the Maryland courts, as permitted under Maryland Rule 14-211, to enjoin that sale on the basis of an invalid deed of trust or on any other basis. Also, despite having notice that the sale had occurred, the Scotts did not file any exceptions under Maryland Rule 14-305(d) objecting to the advertisement or to any other procedural irregularity in the sale.

14

Instead, the Scotts raised their objections for the first time in their motion to rescind under Rule 2-535, which was filed three months after the Maryland court's ratification of the foreclosure sale. The filing of that motion did not revive the Scotts' legal or equitable interests in the property. Rather, the motion to rescind presented the Maryland court with the discretionary authority to reexamine its order ratifying the sale and to revise that order only under very limited circumstances. See Jones, 940 A.2d at 1119-20. As observed by the bankruptcy court, the Maryland court ultimately refused to revise its ratification order based on the Scotts' objections. Notably, the Scotts' objections presented in the motion to rescind failed to include any allegation of extrinsic fraud, jurisdictional mistake, or irregularity of process or procedure previously unknown to them. See Jones, 940 A.2d at 1119-20; Manigan, 862 A.2d at 1041; Bernstein, 417 A.2d at 460.

In view of the Scotts' failure to timely contest the foreclosure sale, the Maryland court's ratification order finally resolving all matters relating to that sale, and the conveyance of the purchase deed to the Halls, we hold that the Scotts were divested completely of any interest in the property before Dennis Scott filed his bankruptcy petition. Because the property at issue is not part of the bankruptcy estate, the Scotts lacked any basis for obtaining injunctive relief from the

15

bankruptcy court based on the foreclosure sale. As this Court stated in Rutherford Hospital Inc. v. RNH Partnership, 168 F.3d 693, 699 (4th Cir. 1999), "a bankruptcy court's jurisdiction does not extend to property not part of a debtor's estate." See also In re Heath, 115 F.3d 521, 524 (7th Cir. 1997) (because property not part of bankruptcy estate, the bankruptcy court did not have "core" jurisdiction); In re Guild and Gallery Plus, Inc., 72 F.3d 1171, 1181 (3rd Cir. 1996) (when action does not involve property of the estate, it is beyond the bankruptcy court's jurisdiction). Accordingly, we hold that the bankruptcy court did not abuse its discretion in denying the Scotts' request for a preliminary injunction, because the property at issue was not part of Dennis Scott's bankruptcy estate.[7]

## III.

For these reasons, we affirm the bankruptcy court's denial of the Scotts' petition for preliminary injunctive relief.

AFFIRMED

---

[7] Based on our holding, we do not reach the Scotts' remaining arguments raised in this appeal.

16